UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| HYEWOONG YOON, )<br>      Plaintiff, )<br>)<br>   v. )<br>)<br>HYUNWOOK JOO a/k/a HYUN WOOK JOO a/k/a )<br>HYUN W. JOO a/k/a HYUN-WOOK JOO a/k/a )<br>HARRY JOO a/k/a HARRY H. JOO a/k/a HARRY )<br>HYUN JOO a/k/a HARRY HYUNWOOK JOO a/k/a )<br>HARRY HYUN-WOOK JOO, )<br>)<br>      Defendant. )<br>) | Civil Action No.:<br>1:19-CV-10351-MPK |

## ANSWER AND AFFIRMATIVE DEFENSES

Now comes Defendant, Hyunwook Joo a/k/a Hyun Wook Joo a/k/a Hyun W. Joo a/k/a Hyun-Wook Joo a/k/a Harry Joo a/k/a Harry H. Joo a/k/a Harry Hyun Joo a/k/a Harry Hyunwook Joo a/k/a Harry Hyun-Wook Joo (hereinafter "Joo"), by and through his attorneys, and files this Answer to the Plaintiff's, Hyewoong Yoon, Complaint as follows:

### INTRODUCTION

The Plaintiff's introductory paragraph contains legal conclusions and a request for relief to which no response is required. To the extent a response may be required, it is expressly denied.

### PARTIES

1. Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2. Joo admits the allegation in paragraph 2 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

3. Joo avers paragraph 3 of Plaintiff's Complaint is combined with paragraph 4 and states legal conclusions requiring neither admission, nor denial. To the extent any response thereto is deemed required, Joo denies the allegations in paragraph 3.

4. Joo avers paragraph 4 of Plaintiff's Complaint is combined with paragraph 3 and states legal conclusions requiring neither admission, nor denial. To the extent any response thereto is deemed required, Joo denies the allegations in paragraph 4.

5. Joo avers paragraph 5 of Plaintiff's Complaint states legal conclusions requiring neither admission, nor denial. Further, Joo specifically denies venue is proper as Defendant does not now reside and never has resided in this district and specifically denies a substantial part of the events giving rise to this complaint occurred in this District.

## [ALLEGED] FACTS

**A. [Alleged] Physical and emotional abuse (the "abuse")**

6. Joo denies the allegations in paragraph 6 of Plaintiff's Complaint.

7. Joo denies the allegations in paragraph 7 of Plaintiff's Complaint, except Plaintiff avers he was hired by Plaintiff's father to assist in Plaintiff's education in the United States when Plaintiff was 12 years old.

8. Joo denies the allegations in paragraph 8 of Plaintiff's Complaint.

9. Joo denies the allegations in paragraph 9 of Plaintiff's Complaint.

10. Joo denies the allegations in paragraph 10 of Plaintiff's Complaint.

11. Joo denies the allegations in paragraph 11 of Plaintiff's Complaint.

12. Joo denies the allegation in paragraph 12 of Plaintiff's Complaint.

13. Joo lacks knowledge or information sufficient to form a belief as to the truth allegation that Plaintiff was hospitalized at age 11 for a medical condition. Joo denies the remaining allegations in paragraph 13 of Plaintiff's Complaint.

14. Joo denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Joo denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Joo denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Joo denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. Joo denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. Joo denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Joo denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Joo denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Joo denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Joo denies the allegations in paragraph 23 of Plaintiff's Complaint.

24. Joo denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. Joo denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Joo denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Joo denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. Joo denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Joo denies the allegations in paragraph 29 of Plaintiff's Complaint.

**B. [Alleged] Mr. Joo's [alleged] Misuse of Allen's funds**

30. Joo denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Joo denies the allegations in paragraph 31 of Plaintiff's Complaint.

32.     Joo admits the allegations contained in paragraph 32 to the extent Joo did receive approximately $142,000.00 per year from Plaintiff's father for Plaintiff's care.

### C. [Alleged] Mr. Joo's [alleged] false statements about Allen

33.     Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in the paragraph 33 of Plaintiff's Complaint.

34.     Joo denies the allegations in paragraph 34 of Plaintiff's Complaint.

35.     Joo admits the allegation in paragraph 35 of Plaintiff's Complaint as he advised the reporter, he believed Plaintiff's father had used money from his company to pay for Plaintiff's education and living expenses.  The remaining allegations in paragraph 35 are denied.

36.     Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Joo admits the allegations in paragraph 37 of Plaintiff's Complaint.

38.     Joo admits the allegation in paragraph 38 of Plaintiff's Complaint he had been in possession of Plaintiff's immigration documents, but denies the allegation in paragraph 38 of Plaintiff's Complaint that he gave the immigration documents to "Ms. Lee."

39.     Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.     Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of Plaintiff's Complaint.

43. Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of Plaintiff's Complaint.

44. Joo denies the allegation in paragraph 44 of Plaintiff's Complaint that he made a false statement to a reporter regarding Plaintiff or Plaintiff's father. Joo lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44 of Plaintiff's Complaint. To the extent the allegations in paragraph 44 refer to a video, the video speaks for itself, and to the extent the allegations are inconsistent with the video, the allegations are denied.

45. Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 45 of Plaintiff's Complaint to the extent of the statement being described or classified as "embarrassing." To the extent the allegations in paragraph 45 refer to a video, the video speaks for itself; and to the extent the allegations are inconsistent with the video, the allegations are denied.

46. Joo denies the allegations in paragraph 46 of Plaintiff's Complaint that he made false statements on the video. To the extent the allegations in paragraph 46 refer to a video, the video speaks for itself; and to the extent the allegations are inconsistent with the video, the allegations are denied.

47. Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint.

48. Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint.

49. Joo denies the allegations in paragraph 49 of Plaintiff's Complaint.

**COUNT I.  BREACH OF CONTRACT**

50. Paragraph 50 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Joo denies the allegations in paragraph 50 of Plaintiff's Complaint.

**COUNT II.  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

51. Paragraph 51 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Joo denies the allegations in paragraph 51 of Plaintiff's Complaint.

**COUNT III.  BREACH OF FIDUCIARY DUTY**

52. Paragraph 52 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Joo denies the allegations in paragraph 52 of Plaintiff's Complaint.

53. Paragraph 53 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Joo denies the allegations in paragraph 53 of Plaintiff's Complaint.

**COUNT IV. FRAUD**

54. Paragraph 54 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Joo denies the allegations in paragraph 54 of Plaintiff's Complaint.

**COUNT V.  CONVERSION**

55. Paragraph 55 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Joo denies the allegations in paragraph 55 of Plaintiff's Complaint.

**COUNT VI.  DEFAMATION/DEFAMATION PER SE, LIBEL/LIBEL PER SE, SLANDER/SLANDER/[*sic*] SLANDER PER SE**

56. Paragraph 56 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Joo denies the allegations in paragraph 56 of Plaintiff's Complaint.

57. Joo lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's Complaint.

**COUNT VII.  COMMERCIAL DISPARAGEMENT, INJURIOUS FALSEHOOD, TRADE LIBEL**

58. Paragraph 58 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Joo denies the allegations in paragraph 58 of Plaintiff's Complaint.

**COUNT VIII.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

59. Paragraph 59 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Joo denies the allegations in paragraph 59 of Plaintiff's Complaint.

**CONCLUSION**

60. Paragraph 60 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is required, Joo denies the allegations in paragraph 60 of Plaintiff's Complaint.

**WHEREFORE**, Joo respectfully request that this Honorable Court enter judgment in his favor on all Counts of Plaintiff's Complaint, deny any and all relief requested by the Plaintiff, dismiss Plaintiff's complaint with prejudice, and award Joo his costs and attorney's fees incurred in the defense of this action, and such other relief the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Each and every allegation in Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The action is barred in whole or in part because this Court lacks subject-matter jurisdiction over the Defendant.

### Third Affirmative Defense

The action is barred in whole or in part because this Court lacks personal jurisdiction over the Defendant.

### Fourth Affirmative Defense

The action is barred in whole or in part because of improper venue.

### Fifth Affirmative Defense

The action is barred in whole or in part because of lack of standing.

### Sixth Affirmative Defense

The action is barred in whole or in part because the pleadings are not plausible.

### Seventh Affirmative Defense

This action is barred in whole or in part by applicable statutes of limitation.

### Eighth Affirmative Defense

The action is barred in whole or in part by the applicable doctrine of laches.

### Ninth Affirmative Defense

The action is barred in whole or in part by the applicable doctrine of estoppel.

### Tenth Affirmative Defense

The action is barred in whole or in part by the applicable doctrine of unclean hands.

### Eleventh Affirmative Defense

The action is barred in whole or in part by the applicable doctrine of ratification.

### Twelfth Affirmative Defense

The action is barred in whole or in part by the applicable doctrine of waiver.

### Thirteenth Affirmative Defense

The action is barred in whole or in part for failure to satisfy contractual conditions precedent.

### Fourteenth Affirmative Defense

The action is barred in whole or in part on the grounds of lack of ripeness.

### Fifteenth Affirmative Defense

The action is barred because Joo met all of his contractual and legal obligations.

### Sixteenth Affirmative Defense

The action is barred because at all times Joo acted in good faith.

### Seventeenth Affirmative Defense

The action is barred because Joo has not caused any damage.

### **Eighteenth Affirmative Defense**

The action is barred because Plaintiff failed to act reasonably to mitigate his own damages, if any.

### **Nineteenth Affirmative Defense**

The action is barred because Plaintiff caused his own damages, if any.

### **Twentieth Affirmative Defense**

The action is barred because Joo has not breached any duty.

### **Twenty-First Affirmative Defense**

The action is barred because all of Joo's actions were approved by and at the direction of Plaintiff's father.

### **Twenty-Second Affirmative Defense**

The action is barred because it is frivolous in nature.

### **Twenty-Third Affirmative Defense**

The action is barred because it is vexatious in nature to simply harass Joo.

### **Twenty-Fourth Affirmative Defense**

The action is barred in whole or in part because the claims and allegations made are not supported by any factual evidence.

### **Twenty-Fifth Affirmative Defense**

To the extent any claim in this action seeks exemplary or punitive damages, any such relief would violate statutory limitations on damages, and/or Joo's right to procedural and substantive due process under the Fourteenth Amendment of the United States and the Constitution of the Commonwealth of Massachusetts.

## JURY DEMAND

Defendant, Hyunwook Joo a/k/a Hyun Wook Joo a/k/a Hyun W. Joo a/k/a Hyun-Wook Joo a/k/a Harry Joo a/k/a Harry H. Joo a/k/a Harry Hyun Joo a/k/a A Harry Hyunwook Joo a/k/a Harry Hyun-Wook Joo requests a trial by jury as to all claims so triable in the above-referenced action.

Dated: <u>April 30, 2019</u>

Respectfully submitted,
Defendant, Hyunwook Joo a/k/a Hyun Wook Joo a/k/a Hyun W. Joo a/k/a Hyun-Wook Joo a/k/a Harry Joo a/k/a Harry H. Joo a/k/a Harry Hyun Joo a/k/a A Harry Hyunwook Joo a/k/a Harry Hyun-Wook Joo
By his attorneys,

    */s/ Christopher A. Kenney*
Christopher A. Kenney, BBO# 556511
cakenney@KSlegal.com
Michelle M. De Oliveira, BBO# 685455
mmdeoliveira@KSlegal.com
KENNEY & SAMS, P.C.
Reservoir Corporate Center
144 Turnpike Road
Southborough, MA 01772
Tel: (508) 490-8500
Fax: (508) 490-8501

*Attorneys for Defendant,*
*Hyunwook Joo a/k/a Hyun Wook Joo a/k/a*
*Hyun W. Joo a/k/a Hyun-Wook Joo a/k/a*
*Harry Joo a/k/a Harry H. Joo a/k/a Harry*
*Hyun Joo a/k/a Harry Hyunwook Joo a/k/a*
*Harry Hyun-Wook Joo*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of April 2019, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which was the notice of electronic filing to all CM/ECF participants, including:

Joseph Perl, Esq.
Law Office of Joseph Perl
203 Arlington Street, Suite 2
Watertown, MA 02472
*Attorney for Plaintiff*
*Hyewoong Yoon*


                                           */s/ Christopher A. Kenney*
                                           Christopher A. Kenney
                                           Attorney for Defendant,
                                           Hyunwook Joo a/k/a Hyun Wook Joo a/k/a Hyun W. Joo a/k/a Hyun-Wook Joo a/k/a Harry Joo a/k/a Harry H. Joo a/k/a Harry Hyun Joo a/k/a Harry Hyunwook Joo a/k/a Harry Hyun-Wook Joo