UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYEWOONG YOON,<br><br>    Plaintiff,<br><br>  v.<br><br>HYUNWOOK JOO a/k/a HYUN WOOK JOO a/k/a<br>HYUN W. JOO a/k/a HYUN-WOOK JOO a/k/a<br>HARRY JOO a/k/a HARRY H. JOO a/k/a HARRY<br>HYUN JOO a/k/a HARRY HYUNWOOK JOO a/k/a<br>HARRY HYUN-WOOK JOO,<br><br>    Defendant. | Civil Action No.:<br>**1:19-CV-10351-WGY** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS**

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................ i

**TABLE OF AUTHORITIES** ........................................................................ ii

**I.   PRELIMINARY STATEMENT** ................................................... 1

**II.   BACKGROUND** ...................................................................... 1

**III.   ARGUMENT** .......................................................................... 2

   **A.   The Complaint should be Dismissed for Lack of Personal Jurisdiction** ...................... 2

      **1.   Standard of Review** ........................................................ 2

      **2.   Exercise of "Long-Arm" Jurisdiction over Mr. Joo is not Justified** ...................... 2

   **B.   The Complaint Should be Dismissed for Improper Venue** ........................... 5

   **C.   The Complaint Should be Dismissed for *Forum Non Conveniens*** ................ 7

   **D.   The Complaint Should be Dismissed for Failure to State a Claim** ................ 9

      **1.   Counts I and II: Contract** ................................................ 10

      **2.   Count III: Fiduciary Duty** ............................................... 11

      **3.   Counts IV and V: Fraud and Conversion** .......................... 12

      **4.   Counts VI and VII: Defamation and Derogation** ................. 12

      **5.   Count VIII:  Infliction of Emotional Distress** .................... 13

**IV.   CONCLUSION** ...................................................................... 15

**CERTIFICATE OF SERVICE** ................................................... 16

**Certification Pursuant to Local Rule 7.1(b)**……………………………………………..17

# TABLE OF AUTHORITIES

**Cases**

*Agis v. Howard Johnson Co.*, 371 Mass. 140 (1976) ................................................................ 19

*Ansin v. River Oaks Furniture, Inc., 105 F.3d 745 (1st Cir. 1997)* ........................................ 16

*Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50 (1st Cir. 2006)......................................... 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...................................................................................... 13

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Of Texas*, 571 U.S. 49 (2013) ................... 8

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) ........................................................................ 13

*Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579 (1st Cir. 2007)................................. 14

*Buck v. American Airlines, Inc.*, 476 F.3d 29 (1st Cir. 2007)............................................. 14, 15

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 284 F.Supp.2d 204 (D. Mass.
   2003) ...................................................................................................................................... 3

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,*. 290 F.3d 42 (1st Cir. 2002).. 3, 6

*Doe v. Harbor Schools, Inc.*, 446 Mass. 245 (2006) .................................................................. 15

*Doyle v. Hasbro, Inc.*, 103 F.3d 186 (1st Cir. 1996) .................................................................. 19

*Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61 (1st Cir. 2004) ................. 15

*Felt v. Conway,* 16 F.Supp.3d 1 (D. Mass. 2014)...................................................................... 18

*First Choice Armor & Equip., Inc. v. Toyobo America, Inc.*, 839 F. Supp. 2d 407 (D. Mass.
   2012) .................................................................................................................................... 17

*Foley v. Polaroid Corp.*, 400 Mass. 82 (1987) ......................................................................... 20

*Foster–Miller, Inc. v. Babcock & Wilcox Can.,* 46 F.3d 138 (1st Cir. 1995)............................... 3

*Gertz v. Welch*, 418 U.S. 323 (1974) ........................................................................................ 18

*Gore v. Daniel O'Connell's Sons, Inc.*, 17 Mass. App. Ct. 645 (1984) ..................................... 21

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) ................................................................... 10, 11

*Hannon v. Beard*, 524 F.3d 275 (1st Cir. 2008) .......................................................................... 6

*Hanover Ins. Co. v. Sutton*, 46 Mass.App.Ct. 153 (1999) ........................................................ 16

*Harlow v. Children's Hosp.,* 432 F.3d 50 (1st Cir. 2005) ........................................................... 5

*Hi-Tech Pharmaceuticals, Inc. v. Cohen*, 277 F. Supp. 3d 236 (D. Mass. 2016)....................... 17

*Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8 (1st Cir. 2000) .................................................. 10, 11

*Kravetz v. U.S. Trust, Co.*, 941 F. Supp. 1295 (D. Mass. 1996)................................................ 16

*Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n,* 142 F.3d 26 (1st Cir. 1998) 6

*McLaughlin v. Boston Retirement Board*, 146 F. Supp. 3d 283 (D. Mass. 2015) ...................... 18

*Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419 (1st Cir. 1991) ................................................... 10

*Pagliuca v. Boston*, 35 Mass. App. Ct. 820 (1994) ................................................................... 21

*Payton v. Abbott Labs*, 386 Mass. 540, (1982)......................................................................... 20

*Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26 (st Cir. 2008) ................................................. 13

*Phillips v. Prairie Eye Ctr.,* 530 F.3d 22 (1st Cir. 2008).............................................................. 5

*Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981)..................................................................... 10

*Quinn v. Walsh*, 49 Mass. App. Ct. 696, (2000) .................................................................. 19, 20

*Taylor v. Swartwout*, 445 F. Supp. 2d 98 (D. Mass. 2006)....................................................... 17

*Tetrault v. Mahoney, Hawkes & Goldings*, 425 Mass. 456 (1997) ........................................... 20

**Statutes**

28 U.S.C. § 1391................................................................................................................... 7

28 U.S.C.A. § 1406.............................................................................................................. 7, 8

M.G.L.A. 259 § 1................................................................................................................. 15

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................ 8, 12, 13

Defendant, Hyunwook Joo ("Mr. Joo"), respectfully submits this Memorandum of Law in Support of his Motion for Judgment on the Pleadings as the pleadings show, this Court lacks personal jurisdiction, venue is improper, and the claims are all barred by Plaintiff's lack of standing or the applicable statute of limitations.  Mr. Joo further seeks a judgment on the pleadings as the Plaintiff has failed to state a claim for which relief can be granted and under the doctrine of forum non conveniens.

## I.      PRELIMINARY STATEMENT

Mr. Joo's motion for judgment on the pleadings should be granted because: (1) Mr. Joo is a New Jersey resident who was served in New Jersey and this Court lacks personal jurisdiction over him; (2) venue in this Court is improper; (3) Plaintiff can bring his claims in the U.S. District Court for the District of New Jersey; and (4)  the Complaint fails to state a claim upon which relief can be granted. Therefore, Mr. Joo moves for judgment on the pleadings.

## II.     BACKGROUND

On March 25, 2019, Plaintiff served the Summons and Complaint upon Mr. Joo at his home in Fairview, New Jersey.  *See* ECF Docket, Document #4. Mr. Joo, through counsel filed an Answer to the Complaint on April 30, 2019.  *See* ECF Docket, Document # 5.  The Plaintiff's Complaint inaccurately alleges venue is proper in Massachusetts because "Defendants [*sic*] reside in…and a substantial part of the events giving rise to this complaint occurred in this District." *See* ECF Docket, Document #1, ¶5.   However, in Paragraph 2 of the Complaint, Plaintiff admits Mr. Joo resides in Fort Lee, New Jersey. *See* ECF Docket, Document # 1, ¶2. Further, Plaintiff made no attempt to explain how the facts justify the exercise of "long-arm" jurisdiction over a resident of another state. Plaintiff also does not recite any substantial factual allegations of any relevant events actually occurring in Massachusetts.

1

III.    **ARGUMENT**

Plaintiff does not, and cannot, show how either this Court has personal jurisdiction over Mr. Joo, or how this Court is the proper venue. Plaintiff also fails to state a claim upon which relief can be granted. The Defendant is entitled to judgment on the pleadings. More fully explained below are the reasons in support of Defendant's Motion for Judgment on the Pleadings.

A.    **The Complaint should be Dismissed for Lack of Personal Jurisdiction**

This Court lacks personal jurisdiction over Mr. Joo and for that reason the claims against him should be dismissed.

1.    **Standard of Review**

"The plaintiff bears the burden of proving the court's personal jurisdiction over the defendant." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.* 290 F.3d 42, 50 (1st Cir. 2002). In asserting personal jurisdiction, "a party cannot rest upon the pleadings but must adduce evidence of specific facts" to support the exercise of personal jurisdiction. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 284 F.Supp.2d 204, 211 (D. Mass.2003) (citing *Foster–Miller, Inc. v. Babcock & Wilcox Can.,* 46 F.3d 138, 145 (1st Cir.1995)).

2.    **Exercise of "Long-Arm" Jurisdiction over Mr. Joo is not Justified**

The factual allegations of the Complaint relate to conduct allegedly to have occurred in New Jersey, but not in Massachusetts[1]. As a result, black-letter law holds long-arm jurisdiction cannot be exercised; and therefore, this Court lacks personal jurisdiction over Mr. Joo.

---

[1] To the extent required by the law, solely for the purposes of this Motion, Defendant must accept the facts alleged in the Complaint to be true. Defendant expressly reserves the right to contest any and all such facts should this matter proceed forward, which it should not.

### a.     The Factual Allegations Establish No Predicate for an Exercise of "Long- Arm" Jurisdiction by this Court

The Complaint contains three sections of factual allegation, but none of these sections contain any reference to alleged acts carried out by Mr. Joo in Massachusetts. To the contrary, the Complaint is referring to alleged acts which occurred while Plaintiff resided with Defendant at his home in New Jersey.  None of these alleged events occurred in Massachusetts. As a matter of black-letter law, such acts cannot form the basis for an exercise of "long-arm" jurisdiction over the defendant.

The Complaint begins by alleging Mr. Joo "abused" Plaintiff with various acts of personal mistreatment, such as making unkind or even insulting comments, while Plaintiff was living in Mr. Joo's home in New Jersey (also alleging at the same time Mr. Joo was serving as a manager of a restaurant owned by Plaintiff's father, also located in New Jersey).  *See* ECF Docket, Document #1, ¶¶7-29. The court will note the Plaintiff's pleading chooses not to expressly state where all these events were occurring.  The Plaintiff admits Mr. Joo's home was, and remains, in New Jersey and at all relevant times in the Complaint, Plaintiff alleges he was under the personal care of the Defendant.  The Complaint does not, however, state any of this alleged conduct occurred in Massachusetts.

After accusing Mr. Joo of "abusing" Plaintiff in New Jersey, the Complaint then proceeds to accuse Mr. Joo of "misusing" money provided to him for the care of Plaintiff Yoon.  *See* ECF Docket, Document #1, ¶¶30-32.  Again, all of these acts of financial mistreatment are likewise alleged to have transpired when Plaintiff and Defendant were residing in New Jersey. As with the alleged acts of personal mistreatment, Plaintiff does not expressly state the location of the events.

Finally, the third section of the Complaint accuses Mr. Joo of making "false public statements" about Plaintiff. *See* ECF Docket, Document #1, ¶¶33-49. This section accuses Mr. Joo of stating to a reporter Plaintiff's grades would not improve and Plaintiff's father had used "company money" to pay for his education. *See* ECF Docket, Document #1, ¶¶45,46. But the pleading admits these alleged statements were made during an interview, which took place specifically in New Jersey, when the reporter visited Mr. Joo at his home. *See* ECF Docket, Document #1, ¶¶36-37.

### b. Applicable Principles of Black-Letter Law Preclude the Exercise of Long-Arm Jurisdiction

To impose personal jurisdiction over out-of-state defendants, the due process clause imposes the following requirements:

> First, the defendant must have sufficient 'minimum contacts' with the state. For specific jurisdiction, the plaintiff's claim must be related to the defendant's contacts. For general jurisdiction, in which the cause of action may be unrelated to the defendant's contacts, the defendant must have continuous and systematic contacts with the state. Second, for either type of jurisdiction, the defendant's contacts with the state must be purposeful. And third, the exercise of jurisdiction must be reasonable under the circumstances.

*Harlow v. Children's Hosp.,* 432 F.3d 50, 57 (1st Cir. 2005). Hence, a plaintiff can establish either specific or general "long arm" personal jurisdiction over a defendant. Id. Here, Plaintiff does neither.

First, Plaintiff does not, and cannot, allege Mr. Joo had "continuous and systematic contacts with" Massachusetts such that this Court could exercise general "long arm" jurisdiction over him. *Phillips v. Prairie Eye Ctr.,* 530 F.3d 22, 26 (1st Cir. 2008).

Moreover, Plaintiff does not put forward allegations to support the exercise of specific jurisdiction either. "Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is

4

founded directly on those activities." *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n,* 142 F.3d 26, 34 (1st Cir. 1998). "[T]o establish personal jurisdiction, [a plaintiff] must show that 'the Massachusetts long-arm statute grants jurisdiction and, if it does, that the exercise of jurisdiction under the statute is consistent with the Constitution.'" *Hannon v. Beard,* 524 F.3d 275, 280 (1st Cir.2008) (quoting *Daynard, supra,* 290 F.3d at 52). Simply put, Plaintiff cannot do so here. The Complaint does not have any allegations claiming Mr. Joo took any action of any kind in the State of Massachusetts, much less any action upon which the claims are specifically founded.  If this Complaint had any merit at all, it should have been filed in the District of New Jersey.  Plaintiff is suing Mr. Joo in Massachusetts simply because Plaintiff alleges he happens to presently live in Massachusetts. That fact alone does not create a legal basis for personal jurisdiction over an out-of-state defendant. Thus, this Court cannot exercise personal jurisdiction over Mr. Joo.

Second, Plaintiff cannot demonstrate Mr. Joo has "purposeful" contacts with the State of Massachusetts because Mr. Joo does not have any such contacts.

Third, Plaintiff cannot demonstrate the exercise of jurisdiction in the State of Massachusetts is reasonable.  Indeed, none of the alleged conduct occurred in Massachusetts.

Therefore, Plaintiff falls short of meeting the due process requirements for imposing personal jurisdiction over the out-of-state Defendant; and this Court cannot exercise personal jurisdiction over that Defendant.

**B.      The Complaint Should be Dismissed for Improper Venue**

Even if the Court were to somehow find there is a basis for long-arm personal jurisdiction, which it should not, the Court should find venue is improper and render a judgment on the pleadings for that reason.

Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;" or "(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C.A. § 1391 (Westlaw through P.L. 116-5). In drafting 28 U.S.C. §1391, Congress intended venue to lie in federal courts that have personal jurisdiction over the defendants. *Id.*

Further, under 28 U.S.C.A. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.A. § 1406(a) (Westlaw through P.L. 116-5). This rule authorizes dismissal when the venue is "wrong" or "improper" in the forum it was brought in. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. Of Texas*, 571 U.S. 49, 54 (2013) (citing 28 U.S.C.A. § 1406(a), Fed. R. Civ. P. 12(b)(3)).

Mr. Joo does not reside in Massachusetts; and therefore, residency cannot be grounds for venue.[2] *See* ECF Docket, Document #1, ¶2. Similarly, the Complaint does not, and cannot, establish a "substantial part of the events giving rise to this [C]omplaint" occurred within this District. The fact Plaintiff resides in this District, is not sufficient for proper venue. Likewise, the Complaint should be dismissed for improper venue or in the interest of justice and due process, be transferred to a District with proper jurisdiction over Mr. Joo under relevant venue statutes.

---

[2] Although the Plaintiff inaccurately alleges in the Complaint venue is proper in this District because Mr. Joo resides in this District, the Plaintiff also accurately alleges Mr. Joo resides in Fort Lee, New Jersey. *See* ECF Docket, Document #1, ¶¶2, 5.

Plaintiff fails to meet his burden in showing the District in which this Court sits, was Mr. Joo's residence or a substantial part of the events occurred in this District. As stated previously, there are no facts alleged in the Complaint to establish Mr. Joo had any connection with the District of Massachusetts. Accordingly, this Court cannot have jurisdiction over the Defendant; and thus, venue is improper for this Court. This Court should issue a judgment on the pleadings, or transfer this case to another District Court, where, in the interest of justice and due process, the venue is proper.

**C.     The Complaint Should be Dismissed for *Forum Non Conveniens***

Even if the Court should find there is a legal basis for "long-arm" jurisdiction and venue, which it should not do, the Court should still issue a judgment on the pleadings under the doctrine of *forum non conveniens* because Plaintiff's choice of forum imposes a heavy burden on Mr. Joo and this Court; and Plaintiff cannot provide any specific reason to support his argument this Court is a convenient forum.

The Supreme Court of the United States has held dismissal is appropriate "where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting his choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249 (1981) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)). Generally, when a defendant moves to dismiss on grounds of *forum non conveniens*, "it bears the burden of showing that an adequate alternative forum exists and that the considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000) (citing *Mercier v. Sheraton Int'l, Inc.,* 935 F.2d 419, 423-24 (1st Cir. 1991)).

An adequate alternative forum can be shown by the defendant when he or she shows, after providing adequate consideration to the plaintiff, the alternative forum addresses the "types of claims that the plaintiff has brought and that the defendant is amendable to service of process there." *Iragorri*, 203 F.3d 8, 12 (citing *Piper*, 454 U.S. at 254). For the second requirement, the defendant must show "the compendium of factors relevant to the private and public interests implicated by the case strongly favors dismissal." *Id.* (citing *Gilbert*, 330 U.S. at 509).

Factors relevant to the "private interests include 'the relevant ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of the willing, witnesses; [and the] possibility of view of premises, if view would be appropriate to the action.'" *Id.* (quoting *Gilbert,* 330 U.S. at 508). Further the factfinder should also consider all practical problems that make the trial efficient and, on the flipside, cumbersome. *Id.* Factors relevant to the "public interests include the administrative difficulties of docket congestion; the general goal of 'having localized controversies decided at home,' and concomitantly, ease of access to the proceedings on the part of interested citizens; the trier's relative familiarity with the appropriate rules of decision; and the burdens of jury duty. *Id.* (quoting *Gilbert,* 330 U.S. at 508-09).

Here, Plaintiff previously resided in New Jersey, and Mr. Joo resided in, and continues to reside in, New Jersey.  Mr. Joo was served in New Jersey, and all claims set forth in the Complaint allegedly occurred in New Jersey.  Since all of the events giving rise to these claims took place in New Jersey, any potential factual witnesses would be in New Jersey.  As such, a tremendous, and avoidable, burden would be imposed on Mr. Joo, his attorneys and the witnesses by being forced to travel to Massachusetts.

Further, the private and public factors of this case afford a New Jersey U.S. District Court as the adequate alternative forum because as the substantial part of the events alleged in the Compliant occurred in New Jersey, that state has the strongest interest in the outcome of the dispute, such that the balancing of the factors strongly favors litigation to happen in New Jersey. Thus, this Court should issue a judgement on the pleadings on the grounds of *forum non conveniens*.

**D.     The Complaint Should be Dismissed for Failure to State a Claim**

Like Rule 12(b)(6), [under] Rule 12(c)  . . . a court may enter judgment on the pleadings only if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment."  Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 54 (1st Cir. 2006) (also noting that motions under (12)(b)(6)  and (12)(c)  are "ordinarily accorded much the same treatment").[3] A complaint must allege enough facts so that the claim is "plausible on its face," *Bell Atlantic v. Twombly,* 550 U.S. 544, 555–56, 570, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007), *i.e.,* the factual content pled should "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937 (2009).  The pleading here simply does not meet the basic pleading standard.

---

[3] *See also Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) ("A motion for judgment on the pleadings is treated like a Rule 12(b)(6) motion to dismiss.  Because [a Rule 12(c)] motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom[.] Under *Bell Atlantic v. Twombly,* 550 U.S. 544, ——, 127 S. Ct. 1955, 1965 (2007), to survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. . . .") (internal quotations and citations omitted).

Here, even if the Court finds it has jurisdiction and venue is proper, which it should not, the Court should still issue a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) because the complaint fails to state any legally cognizable claim for relief as almost all claims alleged are in any case barred by the applicable three-year statute of limitations.  Further, even if they were not so barred, Plaintiff's claims do not contain the requisite elements of pleading which, if true, would establish causes of action in damages. For example, the breach of contract claim is lacking the basic details necessary to establish the elements of a contract.

### 1.      Counts I and II: Contract

Counts I and II should be dismissed because the plaintiff has failed to plead the existence of a contract.  No copy of any such contract is attached and an oral contract would not be enforceable due to the Statute of Frauds.  For a contract claim to survive a motion to dismiss, "[p]laintiffs ... must do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with 'substantial certainty,' the specific contractual promise the defendant failed to keep." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007) (citations omitted).

The First Circuit has interpreted Rule 12(b)(6) to "require[ ] that plaintiffs allege a factual predicate concrete enough to warrant further proceedings." *Buck v. American Airlines, Inc.*, 476 F.3d 29, 38 (1st Cir. 2007) (upholding dismissal of contract claim that failed to allege sufficient facts) (internal quotations omitted). Indeed, the First Circuit has explained to survive a motion to dismiss "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why[.]" *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). "In a contract action, this irreducible minimum requires the pleader to explain what

obligations were imposed on each of the parties by the alleged contract." *Buck*, 476 F.3d at 38 (internal quotations omitted).

Even if the requisite detail were otherwise present, a contract is void under the Statute of Frauds, M.G.L.A. 259 §1, if it is not in writing and cannot be performed within one year. *See* M.G.L.A. 259 §1. Here, the so-called agreement was allegedly made to cover a large span of years, from Plaintiff's pre-teen age until college age. *See* ECF Docket, Document #1, ¶¶ 6-7, 9-10. To the extent a contract existed, which Mr. Joo does not concede, it had to be in writing. Plaintiff does not, however, allege in his Complaint Mr. Joo executed a written agreement. As such, the complaint should still be dismissed.

### 2.    Count III: Fiduciary Duty

A three-year statute of limitations governs claims for breach of fiduciary duty, and bars such a claim here. *See e.g., Doe v. Harbor Schools, Inc.*, 446 Mass. 245, 246 (2006); *Kravetz v. U.S. Trust, Co.*, 941 F. Supp. 1295, 1302 (D. Mass. 1996).

Plaintiff alleges he was 11 years old 11 years ago, in 2008. Plaintiff did not file his Complaint until February 22, 2019--three years after he turned 18 years of age, a year after the expiration of the applicable statute of limitations. Plaintiff does not allege any acts of alleged breach within the past three years. As such Plaintiff's pleading should be dismissed.

Even if the statute of limitations did not bar this claim, a viable claim for breach of fiduciary duty has not been pled here. A breach of fiduciary duty claim has four elements: 1) existence of a fiduciary duty arising from a relationship between the parties, 2) breach of that duty, 3) damages and 4) a causal relationship between the breach and the damages. *See Hanover Ins. Co. v. Sutton*, 46 Mass. App. Ct. 153, 46 Mass. App. Ct. 153 (1999);  Here, if there was any fiduciary duty owed by Mr. Joo, it was owned to Plaintiff's father, and not to Plaintiff.

### 3.      Counts IV and V: Fraud and Conversion

A three-year statute of limitations applies to claims for conversion and common-law fraud.  *See e.g., Ansin v. River Oaks Furniture, Inc.*, 105 F.3d 745, 752-53 (1st Cir. 1997) (noting three-year statute of limitations for conversion claim); *First Choice Armor & Equip., Inc. v. Toyobo America, Inc.*, 839 F. Supp. 2d 407, 413 (D. Mass. 2012) (noting three-year statute of limitations for fraud claim). According to the complaint, Plaintiff was 11 years old 11 years ago, in 2008.  Thus, he reached 18 years of age seven years later, in 2015. At that time the statute of limitations on his purported contract claim began to run, and it expired in 2018. No acts of conversion or fraud are alleged within the past three years.  As such, the counts for conversion and fraud are barred as untimely.

Even if the statute of limitations did not bar this claim, a claim for fraud and conversion has not been adequately pled here.  The funds allegedly converted or subjected to fraud were not funds belonging to Plaintiff. Accordingly, Plaintiff lacks standing to assert any such claims.

### 4.      Counts VI and VII: Defamation and Derogation

To establish a defamation claim, the Plaintiff must show:

> (1) the defendant made a statement, concerning the plaintiff, to a third party;
> (2) the statement could damage the plaintiff's reputation in the community; (3)
> the defendant was at fault in making the statement; and (4) the statement
> either caused the plaintiff economic loss (traditionally referred to as special
> damages or special harm), or is actionable without proof of economic loss.

*Hi-Tech Pharmaceuticals, Inc. v. Cohen*, 277 F. Supp. 3d 236, 243 (D. Mass. 2016) (internal quotations and citations omitted). True statements are not actionable, *Taylor v. Swartwout,* 445 F. Supp. 2d 98, 102 (D. Mass. 2006), nor are mere statements of opinion, *Felt v. Conway,* 16 F.Supp.3d 1, 2 (D. Mass. 2014) (citing *Gertz v. Welch*, 418 U.S. 323, 339-40 (1974).

Only two alleged defamatory or disparaging statements are referred to in the Complaint as having been made by Mr. Joo.  But the first statement, in paragraph 45 of the Complaint (*see* ECF Docket, Document #1, ¶45), is not alleged to be false, and the second statement, in paragraph 46 (*see* ECF Docket, Document #1, ¶46), is not alleged to be about Plaintiff, but rather about his father.  To the extent Defendant made any comments, which he does not concede, about Plaintiff's father, Plaintiff lacks standing to sue regarding any such statements; and therefore, they are not actionable in this case.  As such, the complaint simply fails to pass muster under the applicable pleading standard for defamation and derogation in Massachusetts.

Even if Plaintiff had pled factual allegations sufficient to meet the pleading standard, , which he has not, a three-year statute of limitations governs claims for defamation. *See McLaughlin v. Boston Retirement Board*, 146 F. Supp. 3d 283, 290 (D. Mass. 2015).  According to the Complaint, Plaintiff was 11 years old 11 years ago, in 2008.  Thus, he reached 18 years of age seven years after that, in 2015. As such, he needed to file any such claim for breach of duty by 2018, but he failed to do so, and he does not allege any defamatory conduct occurring within the past three years. As such his pleading should be dismissed.

**(1)     Count VIII:  Infliction of Emotional Distress**

Plaintiff has not met the pleading standard to establish an inchoate tort of "intentional infliction of emotional distress" ("IIED").  The claim also fails because it is barred by the applicable three-year statute of limitations.  *See Quinn v. Walsh*, 49 Mass. App. Ct. 696, 697 (2000).

The Complaint alleges Mr. Joo called Plaintiff "retarded" and "useless," and banned him from using certain rooms of the home or acted insensitively when Plaintiff was sick.  Such

incidents simply do not rise to the level required by an IIED claim. To establish such a claim, Plaintiff must prove:

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community; (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe and of a nature that no reasonable man could be expected to endure it.

*Agis v. Howard Johnson Co.,* 371 Mass. 140, 144–45  (1976) (internal citations and quotations omitted); s*ee also Doyle v. Hasbro, Inc.,* 103 F.3d 186, 195 (1st Cir. 1996); *Tetrault v. Mahoney, Hawkes & Goldings,* 425 Mass. 456, 466 (1997); *Payton v. Abbott Labs,* 386 Mass. 540, 555 (1982).

Mr. Joo's conduct must be more than "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities[.]" *Tetrault*, 425 Mass. at 466.  Moreover, it is not enough that the defendant has acted with an intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice" or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'" *Id.* (quoting *Foley v. Polaroid Corp.,* 400 Mass. 82, 99 (1987)).

Plaintiff's Complaint does not allege factual allegations rising to the level of an IIED claim. The Plaintiff's alleged "mere insults and petty oppressions" are not enough to plead a viable claim.

Moreover, even if Plaintiff's allegations rose to the level of an IIED claim, the claim is barred by the applicable three-year statute of limitations.  *See Quinn*, 49 Mass. App. Ct. at 697. According to the Complaint, Plaintiff was 11 years old 11 years ago, in 2008.  Thus, he reached 18 years of age seven years later, in 2015. At that time the statute of limitations on his purported

IIED claim began to run, three years ago, as to all events occurring before 2015. Thus, the statute

of limitations expired in 2018. Only events occurring since February 2016 could be asserted in

an IIED claim at present, and no specific allegations of any conduct allegedly constituting IIED

appear in the pleading.  As such the claim must be dismissed.[4]

## IV.    CONCLUSION

For all of the foregoing reasons, Defendant, Mr. Joo, respectfully requests this Court

render a judgment on the pleadings in favor of the Defendant.


Dated:  May16, 2019                          Respectfully submitted,
                                             Defendant, Hyunwook Joo a/k/a Hyun Wook
                                             Joo a/k/a Hyun W. Joo a/k/a Hyun-Wook Joo
                                             a/k/a Harry Joo a/k/a Harry H. Joo a/k/a Harry
                                             Hyun Joo a/k/a A Harry Hyunwook Joo a/k/a
                                             Harry Hyun-Wook Joo
                                             By his attorneys,


                                             _____/s/ Christopher A. Kenney_____
                                             Christopher A. Kenney, BBO# 556511
                                             cakenney@KSlegal.com
                                             Michelle M. De Oliveira, BBO# 685455
                                             mmdeoliveira@KSlegal.com
                                             KENNEY & SAMS, P.C.
                                             Reservoir Corporate Center
                                             144 Turnpike Road
                                             Southborough, MA 01772
                                             Tel: (508) 490-8500
                                             Fax: (508) 490-8501

---

[4]"We have said that where the claim arises from the intentional infliction of emotional distress, the injury occurs on the date a plaintiff first experiences anxiety or distress which is the intended result of the defendant's conduct."  *Pagliuca v. Boston*, 35 Mass. App. Ct. 820, 824 (1994). "We have narrowed this rule to provide that, '[w]hen an injury . . . becomes manifest, the statute of limitations does not stay in suspense until the full extent, gravity, or permanence of that same injury or consequential disease is known.'" Id. at 824-825, quoting from *Gore v. Daniel O'Connell's Sons, Inc*., 17 Mass. App. Ct. 645, 649 (1984).

*Attorneys for Defendant,*
*Hyunwook Joo a/k/a Hyun Wook Joo a/k/a*
*Hyun W. Joo a/k/a Hyun-Wook Joo a/k/a*
*Harry Joo a/k/a Harry H. Joo a/k/a Harry*
*Hyun Joo a/k/a Harry Hyunwook Joo a/k/a*
*Harry Hyun-Wook Joo*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2019, I electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which was the notice of electronic filing to all CM/ECF participants, including:

Joseph Perl, Esq.
Law Office of Joseph Perl
203 Arlington Street, Suite 2
Watertown, MA 02472
*Attorney for Plaintiff*
*Hyewoong Yoon*

*/s/ Christopher A. Kenney*
Christopher A. Kenney,
Attorney for Defendant,
Hyunwook Joo a/k/a Hyun Wook Joo a/k/a
Hyun W. Joo a/k/a Hyun-Wook Joo a/k/a Harry
Joo a/k/a Harry H. Joo a/k/a Harry Hyun Joo
a/k/a Harry Hyunwook Joo a/k/a Harry Hyun-
Wook Joo

16

## Certification Pursuant to Local Rule 7.1(A)(2)

I certify that on May 10, 2019, I conferred with Plaintiff's counsel, Joseph Perl, Esq., concerning the filing of Defendant's Motion for Judgment on the Pleadings, and we attempted to in good faith resolve or narrow the issues.

*/s/ Christopher A. Kenney*

Christopher A. Kenney
Attorney for Defendant,
Hyunwook Joo a/k/a Hyun Wook Joo a/k/a
Hyun W. Joo a/k/a Hyun-Wook Joo a/k/a Harry
Joo a/k/a Harry H. Joo a/k/a Harry Hyun Joo
a/k/a Harry Hyunwook Joo a/k/a Harry Hyun-
Wook Joo

17