UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYEWOONG YOON, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HYUNWOOK JOO a/k/a HYUN WOOK JOO a/k/a | ) |
| HYUN W. JOO a/k/a HYUN-WOOK JOO a/k/a | ) |
| HARRY JOO a/k/a HARRY H. JOO a/k/a HARRY | ) |
| HYUN JOO a/k/a HARRY HYUNWOOK JOO a/k/a | ) |
| HARRY HYUN-WOOK JOO, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil Action No.:
**1:19-CV-10351-WGY**

**DEFENDANT HYUNWOOK JOO'S
OPPOSITION TO PLAINTIFF HYEWOONG YOON'S
MOTION TO AMEND THE COMPLAINT**

## **TABLE OF CONTENTS**

TABLE OF CONTENTS…………………………………………………………………i

TABLE OF AUTHORITIES………………………………………………………………iii

PRELIMINARY STATEMENT………………………………………………………1

ARGUMENT……………………………………………………………………………..2

   A.  Plaintiff's Motion to Amend does not Comply with Local Rule 7.1 ……………………2

   B.  The Plaintiff's Proposed Amended Complaint is Futile and Therefore
       the Motion to Amend Should be Denied……………………………………………4

      1.  Plaintiff has not Alleged a Viable M.G.L. c. 93A Claim Against
         Mr. Joo……………………………………………………………………5

      2.  Plaintiff's Breach Claims with Regard to Tutoring Services are
         Futile……………………………………………………………………6

      3.  Plaintiff has not Alleged a Viable Claim for Unjust Enrichment…………………7

      4.  Plaintiff has not Alleged a Viable Claim for Invasion of Privacy………………...9

      5.  Plaintiff's Motion to Amend is Futile as to the Proposed
         Causes of Action which are Transferred from the Original Pleading……………10

            a.      Counts I and III:  Contract………………………………………10

            b.      Count IV:  Fiduciary Duty………………………………………11

            c.      Counts V an VI:  Fraud and Conversion…………………………12

            d.      Counts IX and X:  Defamation and Derogation…………………13

            e.      Count XII:  Infliction of Emotional Distress……………………14

i

<u>TABLE OF CONTENTS</u> (continued)

6. Plaintiff's Motion to Amend is Futile because it Does not Remedy
   this Court's Lack of Personal Jurisdiction over Mr. Joo…………………………...16

      a.    Defendant's Alleged Trip to Massachusetts in June 2016 is no
           Basis for Jurisdiction…………………………………………..17

      b.    Defendant's Alleged Acts Regarding Plaintiff's
           Immigration Information are no Basis for Jurisdiction…………..18

      c.    Plaintiff's Alleged Defamatory Acts are no Basis for
           Jurisdiction…………………………………………………………18

C.    Even if the Motion to Amend were not Futile for Lack of Jurisdiction,
    it would Still be Futile due to Improper Venue…………………………………19

CONCLUSION…………………………………………………………………………..20

## <u>TABLE OF AUTHORITIES</u>

*Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.,*
  156 F.3d 49 (1st Cir. 1998)………………………………………………………………………4

*Agis v. Howard Johnson Co.,*
  371 Mass. 140, 355 N.E.2d 315(1976) …………………………………………………………15

*Ansin v. River Oaks Furniture, Inc.,*
  105 F.3d 745 (1st Cir. 1997)………………………………………………………………………12

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) …………………………………………………………...………….6

*Ayash v. Dana-Faber Cancer Institute,*
  443 Mass. 367 (2005) ……………………………………………………………………9

*Barous v. Emanuel,*
  2018 WL 6067509 (D. Mass. 2018) ……………………………………………………17

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) ……………………………………………………………………..5

*Bethlehem Fabricators v. H.D. Watts Co.,*
  286 Mass. 556 (1934) …………………………………………………………………...8,13

*Bos. Med. Ctr. Corp. v. Sec'y of Executive Office of Health & Human Servs.,*
  463 Mass. 447 (2012)……………………………………………………………………8

*Brooks v. AIG SunAmerica Life Assur. Co.,*
  480 F.3d 579 (1st Cir. 2007) …………………………………………………………10

*Buck v. American Airlines, Inc.,*
  476 F.3d 29 (1st Cir. 2007) ……………………………………………………………..10

*Calder v. Jones,*
  465 U.S. 783 (1984) ……………………………………………………………………18

*De Cavalcante v. C.I.R.,*
  620 F.2d 23 (3d Cir.1980) ……………………………………………………………18

*Doe v. Harbor Schools, Inc.,*
  446 Mass. 245 (2006) …………………………………………………………………...11

*Doyle v. Hasbro, Inc.,*
  103 F.3d 186 (1 Cir., 1996) …………………………………………………………...15

TABLE OF AUTHORITIES (continued)

*Educadores Puertorriquenos en Accion v. Hernandez*,
    367 F.3d 61 (1st Cir. 2004) ……………………………………………………………..10

*Felt v. Conway,*
    16 F.Supp.3d 1 (D. Mass. 2014) ……………………………………………………..13

*First Choice Armor & Equip., Inc. v. Toyobo America, Inc.*,
    839 F. Supp. 2d 407 (D. Mass. 2012)……………………………………………..12

*Glassman v. Computervision Corp.*,
    90 F.3d 617(1st Cir. 1996) …………………………………………………………4

*Gould Electronics Inc. v. U.S.*,
    220 F.3d 169 (3d Cir.2000) …………………………………………………………6, 18

*Hanover Ins. Co. v. Sutton*,
    46 Mass. App. Ct. 153, 46 Mass. App. Ct. 153 (1999)…………………………………12

*Harlow v. Children's Hosp.*,
    432 F.3d 50 (1st Cir. 2005)…………………………………………………………16

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
    466 U.S. 408 (1984) ………………………………………………………………16,17

*Kravetz v. U.S. Trust, Co.*,
    941 F. Supp. 1295 (D. Mass. 1996)……………………………………………...11

*Metro. Life Ins. Co. v. Cotter*,
    464 Mass. 623 (2013)………………………………………………………………..8

*Mullaly v. Sunrise Senior Living Mgmt., Inc.*,
    224 F. Supp. 3d 117 (D. Mass. 2016) ………………………………………………3

*Pagliuca v. Boston*,
    35 Mass. App. Ct. 820 (1994)………………………………………………………..15

*Parkas v. Texas Instruments, Inc.*,
    429 F.2d 849 (1st Cir. 1970) ………………………………………………………..2

*Payton v. Abbott Labs*, 386 Mass.
    437 N.E.2d 171 (1982) ……………………………………………………………15

<u>TABLE OF AUTHORITIES</u> (continued)

*Platten v. HG Bermuda Exempted Ltd.,*
    437 F.3d 118 (1st Cir. 2006) ……………………………………………………..16

*Rice v. Stone,*
    1 Allen 556, 570, 83 Mass. 566 (1861) ……………………………………………14

*Ruiz v. Bally Total Fitness Holding Corp.,*
    496 F.3d 1 (1st Cir. 2007) …………………………………………………………4

*Ruiz Rivera v. Pfizer Pharm., LLC,*
    521 F.3d 76, 84 (1st Cir. 2008) ……………………………………………………5

*Sears Petroleum & Transport Corp. v. Ice Ban America, Inc.,*
    217 F.R.D. 305 (N.D.N.Y. 2003) …………………………………………………3

*Schlesinger v. Merrill Lynch, et al.,*
    409 Mass. 514 (1991) ……………………………………………………………...9

*Shea v. Porter, C.A.,*
    2012 WL 13051087 (D. Mass. Mar. 5, 2012) …………………………………….6

*SiOnyx, LLC v. Hamamatsu Photoics K.K.,*
    332 F. Supp. 3d 446 (D. Mass 2018)……………………………………………7

*Taylor v. Swartwout,*
    445 F. Supp. 2d 98 (D.Mass. 2006) ……………………………………………13

*Tetrault v. Mahoney, Hawkes & Goldings,*
    425 Mass. 456, 681 N.E.2d 1189 (1997) …………………………………………15

*Ticketmaster-New York, Inc. v. Alioto,*
    26 F.3d 201 (1st Cir. 1994) ………………………………………………………..19

*Transamerica Ins. Co. v. KMS Patriots, L.P.,*
    52 Mass. App. Ct. 1896 (2001) …………………………………………………..9

*United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.,*
    960 F.2d 1080, (1st Cir. 1992) …………………………………………………16,17

*United Zinc Cos. v. Harwood,*
    216 Mass. 474 (1914) …………………………………………………………8,13

*Washington v. Hovensa LLC,*
    652 F.3d 340(3d Cir. 2011) ……………………………………………………...6,18

Defendant Hyunwook Joo ("Mr. Joo") respectfully requests that this Court deny Plaintiff Hyewoong Yoon's Motion to Amend the Complaint ("Motion to Amend").  Plaintiff's requested amendment should be denied because it does not comply with Local Rule 7.1(b) and is futile.

## I.   **PRELIMINARY STATEMENT**

Plaintiff filed his Complaint on February 22, 2019.  On April 30, 2019, Mr. Joo filed an Answer. Plaintiff had more than two months after serving his Complaint to amend it as of right but he did not.  Rather, Plaintiff waited to move to amend his Complaint until after Mr. Joo's filing of a Motion for Judgment on the Pleadings.  This was no coincidence.  In his pending Motion for Judgment on the Pleadings, Mr. Joo delineated the many defects in Plaintiff's Complaint. Plaintiff now attempts, unsuccessfully, to cure the defects in his Complaint.

Plaintiff's Motion to Amend seeks to cure the Plaintiff's lack of standing for many of the claims alleged in the initial Complain by alleging that his father, on June 7, 2019 -- after Mr. Joo sought the dismissal of the claims for lack of standing -- assigned his rights to claims against Mr. Joo to the Plaintiff. *See* Plaintiff's Motion to Amend, ¶1.  Plaintiff also seeks to itemize damages that Plaintiff had "already stated in the original Complaint" and allege facts relating to Boston Tutelage. *See* Plaintiff's Motion to Amend, ¶2. Plaintiff's proposed Amended Complaint also seeks to include a newly pled M.G.L. c. 93A claim, along with claims for invasion of privacy, unjust enrichment and contract claims relating to a company that is not even proposed to be added as a party.  Plaintiffs proposed Amended Complaint also seeks to add allegations that Mr. Joo allegedly accessed Plaintiff's visa application in Massachusetts, *see* Plaintiff's Motion to Amend, ¶3, and to add exhibits of write transfers for tutoring, *see* Plaintiff's Motion to Amend, ¶4, and to rectify the damages alleged in the Complaint "after a closer review of the records[.]" *See* Plaintiff's Motion to Amend, ¶6.

Plaintiff Motion to Amend, however, violates Local Rule 7.1 and falls short of citing adequate legal authority or factual basis as to why Plaintiff should be entitled to amend the Complaint and therefore should be denied on the basis of futility.

## III.   <u>ARGUMENT</u>

Plaintiff's Motion to Amend should be denied because it does not comply with Local Rule 7.1 and is futile.

### A.   PLAINTIFF'S MOTION TO AMEND THE COMPLAINT SHOULD BE DENIED BECAUSE IT DOES NOT COMPLY WITH LOCAL RULE 7.1

According to Local Rule 7.1,

> [a] party filing a motion **shall** at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted.  Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion.

Local Rule 7.1(b)(1) (emphasis added).

Here, Plaintiff's Motion to Amend does not comply with Local Rule 7.1.  The reasons are twofold.  First, Local Rule 7.1 requires the concurrent filing of a memorandum of law in support of a motion to amend.  This is a requirement—not an option.  Here, other than including a cursory explanation in Plaintiff's Motion to Amend, Plaintiff has not included a memorandum of law in support of his motion.  Plaintiff's motion falls short of the Local Rule's requirement that it be accompanied by a memorandum of law stating the reasons, and supporting authorities, why his motion should be granted. Therefore, Plaintiff's motion should be denied.

Second, Local Rule 7.1 requires a moving party to include citations of supporting authorities explaining why a motion should be granted.  *See* Local Rule 7.1(b)(1).  Plaintiff's perfunctory references to legal authority are inadequate to comply with the requirements of the applicable rules.  Plaintiff cites *Parkas v. Texas Instruments, Inc.*, 429 F.2d 849 (1st Cir. 1970)

for the legal standard governing whether leave to amend should be granted and cites *Sears Petroleum & Transport Corp. v. Ice Ban America, Inc.*, 217 F.R.D. 305 (N.D. New York 2003) as the sole legal support for his contention that he did not have a legal obligation to consider jurisdiction and venue when drafting his original Complaint and should be free to amend it to include such facts in response to a motion for judgment on the pleadings. These cases alone do not provide a legal basis for granting Plaintiff's Motion to Amend.

*Sears Petroleum* does not stand for the proposition Plaintiff contends in his Motion to Amend. Rather than state that a plaintiff is not obligated to consider jurisdiction and venue when drafting a court complaint, *Sears Petroleum* merely states that a court receiving a motion for judgment on the pleadings can convert the motion to one for summary judgment (something Plaintiff does not request).[1] 217 F.R.D. at 306-08. Moreover, *Sears Petroleum* is a case from the United States District Court for the Northern District of New York and it has no precedential value in this Court.

Moreover, although Plaintiff seeks to rectify the lack of standing through the Amended Complaint by alleging that his father assigned his right as to contract and tort claims to the Plaintiff, the Motion to Amend does not cite any legal authority to support this.[2] Equally fatal to Plaintiff's Amended Complaint is that many of the claims he seeks to advance on his father's behalf, as explained below, are in fact not assignable. Massachusetts courts do not permit a

---

[1] If the Court decides to so convert this motion, or otherwise finds that there is any genuine issue of material fact relating to jurisdiction or venue, which it should not do, then Defendant requests that the Court direct discovery limited to those issues to proceed to be followed if appropriate by the resumption of dispositive motion practice regarding these issues. *See, e.g.*, *Mullally v. Sunrise Senior Living Mgmt., Inc.*, 224 F. Supp. 3d 117, 121 (D. Mass. 2016).

[2] It also appears that Plaintiff is attempting to justify the deficiencies in the Complaint based on the Plaintiff's knowledge when the Complaint was drafted. This argument has no merit. Plaintiff was represented by counsel when the Complaint was filed, and the Complaint was not filed pro se.

moving party to foist the burden of legal research and analysis upon the adverse party, seeking to surprise the adverse party in a reply or at oral argument with legal authority it was entitled to see in the motion, and for this reason the Motion to Amend should be denied.

Moreover, Plaintiff had ample time to amend his Complaint as of right to include appropriate notice of facts supporting jurisdiction and venue, but failed to do so. He not only waited until Mr. Joo filed an Answer, eliminating his ability to amend as of right, Plaintiff also waited until after Mr. Joo filed a Motion for Judgment on the Pleadings seeking dismissal because of, among other things, the Court's lack of personal jurisdiction. Under such circumstances, the Court should deny Plaintiff's Motion to Amend as the amendment is an apparent attempt to address the flaws Mr. Joo highlighted in his Motion for Judgment on the Pleadings. *See, e.g., Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998), *citing* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane*, Federal Practice and Procedure* §1487, at 611 (2d ed.1990) ("the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases").

### B.   THE PLAINTIFF'S AMENDED COMPLAINT IS FUTILE AND THE MOTION TO AMEND SHOULD BE DENIED

UnderFed. R. Civ. P. 15(a)(2) a motion to amend a complaint should be denied if futile. "Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In reviewing for futility, this Court is tasked with applying the motion to dismiss 12(b)(6) legal sufficiency standard. *Id.* On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . .  plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, a complaint must state a claim that

is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). Dismissal is appropriate in circumstances in which the facts as alleged do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (alterations omitted) (internal quotations omitted).

In applying the aforementioned standard here, the Court should deny Plaintiff's Motion to Amend for futility.

### 1.   Plaintiff Has Not Alleged A Viable M.G.L. c. 93A Claim Against Mr.  Joo

The Amended Complaint's M.G.L. c. 93A claim (Count VI) against Mr. Joo fails as a matter of law and therefore, is futile and the Motion to Amend should be denied. Plaintiff's Amended Complaint purports to add a c. 93A claim against Mr. Joo.  Although Plaintiff makes certain allegations relating to Boston Tutelage in the Amended Complaint, Plaintiff does not allege any facts that even remotely describe Mr. Joo's employment or business relationship, to the extent he had any, with Boston Tutelage.  Moreover, although Plaintiff attached an alleged corporate statement to the Proposed Amended Complaint in Exhibit E, the only named principal on the document is Kim, Chung U—not Mr. Joo.

Plaintiff appears to allege that Mr. Joo somehow allegedly received payments for tutors that Plaintiff made to Boston Tutelage, a company in which Plaintiff does not allege Defendant has ever had any actual legal interest. There is no hint in Plaintiff's Affidavit or Amended Complaint as to any evidence whatsoever establishing that Mr. Joo received these funds.[3]

---

[3] Similarly, Plaintiff also seems to imply that, in addition to receiving funds, Defendant somehow directed a company in which he had no actual legal interest to send a tutor to Massachusetts. These allegations are not even specific, and come again with no hint at all as to any actual evidence indicating that Defendant did so.

Plaintiff also does not seek to add Boston Tutelage or its actual principal, who Plaintiff identifies in his Affidavit, as parties to this action, even though he alleges they defrauded him.[4]

Aside from Plaintiff's conclusory and speculative allegations in the Proposed Amended Complaint that fall short of the *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) pleading standard, the Plaintiff has not plead any facts that can remotely support a M.G.L. c. 93A claim against Mr. Joo. *See Shea v. Porter*, C.A. No. 08-12148-MLW, 2012 WL 13051087, at *6 (D. Mass. Mar. 5, 2012) (noting that "[t]he First Circuit has applied *Iqbal* in holding complaints to be insufficient when they contain allegations that, while factual, are so threadbare or speculative that they fail to cross the line between the conclusory and the factual." (internal citations and quotations omitted)); *see also e.g,*, *De Cavalcante v. C.I.R.,* 620 F.2d 23, 26–27 (3d Cir.1980) (when charged with making evidentiary determinations, court may find that self-serving affidavits absent evidentiary support are insufficiently probative). *See also Gould Electronics Inc. v. U.S.,* 220 F.3d 169, 176 (3d Cir.2000); *Washington v. Hovensa LLC,* 652 F.3d 340, 346–47 (3d Cir.2011).

Put simply, there are no credible, non-conclusory allegations that Mr. Joo availed himself of commerce in Massachusetts through Boston Tutelage. Plaintiff has not alleged a viable c. 93A claim and the claim is futile. Therefore, Plaintiff's Motion to Amend should be denied.

### 2.   Plaintiff's Breach Claims With Regard to Tutoring Services Are Futile

Plaintiff's new claim for breach of contract to provide tutoring services (Count II) in the Amended Complaint fails as a matter of law and the amendment is futile. Indeed, the Amended Complaint does not allege any facts that identify what employment or business relationship Mr.

---

[4] Plaintiff's self-serving, conclusory allegations also contradict themselves. For instance, in his Affidavit Plaintiff states that a tutor was sent to him by Boston Tutelage (*see* Affidavit of Plaintiff at seventh unnumbered paragraph) and then later states the company had no tutors (*see* Affidavit of Plaintiff at eighth unnumbered paragraph).

Joo had with Boston Tutelage, much less does it identify any written agreement he could be accused of breaching with Plaintiff.  Without alleging any such facts, Plaintiff cannot remotely establish that Mr. Joo had a contract with Plaintiff to provide tutoring services through Boston Tutelage.  The claim is conclusory and speculative and falls short of the applicable pleading standard.

Similarly, to the extent Plaintiff's breach of the covenant of good faith and fair dealing claim (Count III) relate to any alleged contract to provide Plaintiff with tutoring services through Boston Tutelage, the claim fails as a matter of law and falls short of the applicable 12(b)(6) pleading standard because the Plaintiff has not pled any facts that suggest Mr. Joo, on behalf of Boston Tutelage, contracted with Plaintiff to provide such services.  As such, Plaintiff cannot overcome a showing of futility and the Motion to Amend should be denied..

### 3.   Plaintiff has not alleged a Viable Claim for Unjust Enrichment

To prevail on an unjust enrichment claim, a plaintiff needs to establish the following three elements: "(1) a benefit conferred on the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) acceptance or retention by the defendant of the benefit under the circumstances would be inequitable without payment of its value."  *SiOnyx, LLC v. Hamamatsu Photoics K.K.*, 332 F. Supp. 3d 446, 472 (D. Mass 2018) (internal citations and quotations omitted).  "A plaintiff asserting a claim for unjust enrichment must establish not only that the defendant received a benefit, but also that such a benefit was unjust, a quality that turns on the reasonable expectations of the parties."  *Metro. Life Ins. Co. v. Cotter*, 464 Mass. 623, 644 (2013) (internal quotations omitted). "A plaintiff is not entitled to recover on a theory of quantum meruit where there is a valid contract that defines the obligations of the parties." *Bos.*

*Med. Ctr. Corp. v. Sec'y of Executive Office of Health & Human Servs.*, 463 Mass. 447, 467 (2012) (citations omitted).

Here, Plaintiff alleged an unjust enrichment claim in Count VIII of the Amended Complaint. Plaintiff's claim alleged that Mr. Joo "converted approximately $536,850.00" of funds received from Plaintiff's father for Plaintiff's tutoring services for personal use. *See* Amended Complaint, ¶ 32.

The claim, however, cannot survive the applicable *Twombly/Iqbal* pleading standard because Plaintiff is not credibly alleging that Mr. Joo received any of Plaintiff's money. Rather, Plaintiff alleges that Mr. Joo received money belonging to Plaintiff's father. Plaintiff further alleged that his father assigned the rights as to such claims to Plaintiff. The law does not, however, permit Mr. Joo's father to assign his alleged claim for unjust enrichment to Plaintiff. Plaintiff's father's unjust enrichment claim is not assignable because the injury suffered by the injury is personal to Plaintiff's father. *See e.g.*, *Bethlehem Fabricators v. H.D. Watts Co.*, 286 Mass. 556, 566–567 (1934); *United Zinc Cos. V. Harwood*, 216 Mass. 474, 479 (1914); *Rice v. Stone*, 83 Mass. 566, 570 (1861). Plaintiff does not even attempt to provide any legal authority regarding his right to assign any of the claims at issue.

Moreover, even if the cause of action was assignable, the allegations regarding unjust enrichment which are not obviously time-barred (namely those relating to Boston Tutelage, a company which Plaintiff does not allege Mr. Joo either operated or owned) still fail because they "soun in fraud" but fails to meet the heightened pleading standard of Fed. R. Civ. P. 9(b). *See*; *Ezell v. Lexington Insurance Company*, 286 F.Supp.3d 292, 301 (D.Mass. 2017) (applying Florida law) ("Where the unjust enrichment claim sounds in fraud, it must meet the heightened pleading standards set forth in Fed. R. Civ. P. 9(b)."); *see also* Fed. R. Civ. P. 9(b) ("In alleging

fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").  Additionally, Plaintiff does not allege that Mr. Joo's alleged act giving rise to the unjust enrichment claim occurred in Massachusetts[5] and therefore such allegations could not serve as a basis for jurisdiction over Defendant, and adding such claims to the pleading would be futile.

And finally the amended pleading contains no credible allegations that Mr. Joo is responsible for acts involving Boston Tutelage.

### 4.    Plaintiff has not alleged a Viable Claim for Invasion of Privacy

Massachusetts law requires an invasion of privacy to be "unreasonable, substantial or serious" and requires the information to be subject to a high level of confidentiality in order to be protected. *See, e.g,, Ayash v. Dana-Faber Cancer Institute*, 443 Mass. 367, 382 (2005); *Transamerica Ins. Co. v. KMS Patriots, L.P.*, 52 Mass. App. Ct. 189, 195–196 (2001); *Schlesinger v. Merrill Lynch, et al.*, 409 Mass. 514, 519–519 (1991). Here, Plaintiff's invasion of privacy claim (Count IX) falls short of meeting this standard and the Amended Complaint if is futile.

First, to the extent the Mr. Joo allegedly obtained information about Plaintiff's immigration status while in Massachusetts—which Mr. Joo does not concede— the allegation is insufficient to meet the pleading standard because Mr. Joo and Plaintiff knew each other for years, and it was not unreasonable for Mr. Joo to know Plaintiff's immigration status and be familiar with his immigration filings.  Second, even if the subsequent disclosure of the immigration status to the reporter did constitute an actionable "invasion of privacy," Plaintiff

---

[5] The Amended Complaint alleges that the financial transfers at issue occurred between Plaintiff's father in Korea and Boston Tutelage in New Jersey.

does not allege that this disclosure happened in Massachusetts, and as a result it cannot form the basis for jurisdiction in this action (indeed, it is questionable whether Massachusetts law would even govern this disclosure).

Accordingly, adding such claims to the pleading would be futile.

### 5. Plaintiff's Motion to Amend is Futile as to the Proposed Claims Alleged in the Original Complaint

Plaintiff's Motion to Amend is futile because the causes of action it continues to assert from the original pleading are barred by the applicable statutes of limitations, or are otherwise fatally deficient as described below.  As such, the Motion should be denied

### a.    Counts I and III: Contract

Counts I and II are futile because the Plaintiff has not plead the existence of a contract.

For a contract claim to survive a motion to dismiss, "[p]laintiffs ... must do more than allege, in conclusory fashion, that the defendant breached the contract, by describing, with "substantial certainty," the specific contractual promise the defendant failed to keep." *Brooks v. AIG SunAmerica Life Assur. Co.*, 480 F.3d 579, 586 (1st Cir. 2007). The First Circuit has interpreted Rule 12(b)(6) to "require[ ] that plaintiffs allege a factual predicate concrete enough to warrant further proceedings." *Buck v. American Airlines, Inc.*, 476 F.3d 29, 38 (1st Cir. 2007) (upholding dismissal of contract claim that failed to allege sufficient facts) (internal quotations omitted). The First Circuit has explained that to survive a motion to dismiss "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores Puertorriquenos en Accion v. Hernandez*, 367 F.3d 61, 66–67 (1st Cir. 2004). "In a contract action, this irreducible minimum requires the pleader to explain what obligations were imposed on each of the parties by the alleged contract." *Buck*, 476 F.3d at 38 (internal quotations omitted).

Here, Plaintiff has not alleged sufficient facts to survive the 12(b)(6) standard for contract claims.  First, Plaintiff has not attached a copy of any such contact between Plaintiff and Mr. Joo, or Plaintiff's father and Mr. Joo.

Second, to the extent the parties had an oral contract of some sort—which Mr. Joo does not concede—the oral contract is unenforceable under the Statute of Frauds and the claim fails as a matter of law.  The Statute of Frauds, M.G.L. c. 259 §1, provides that a contract is void if not in writing and not to be performed within one year.  M.G.L. c. 259, § 1.  Here, the so-called agreement was expressly made to cover a large span of years, from Plaintiff's pre-teen age until Plaintiff reached college age. Based on these facts, Plaintiff cannot, and has not, alleged a viable contract-based claim as any such contract cannot be oral, and the pleading does not allege it was in writing.

Finally, even if Plaintiff had properly pled his contract claims, the events giving rise to such allegations are not claimed to have occurred in Massachusetts. As such, they could not be the basis for jurisdiction in this Court and asserting them here would be futile.

For these reasons, the Amended Complaint is future and Plaintiff's Motion to Amend should be denied.

### b.      Count IV: Fiduciary Duty

A claim for a breach of fiduciary duty is governed by a three-year statute of limitations. *See e.g., Doe v. Harbor Schools, Inc.*, 446 Mass. 245, 246 (2006); *Kravetz v. U.S. Trust, Co.*, 941 F. Supp. 1295, 1302 (D. Mass. 1996).

Plaintiff alleges he was 11 years old 11 years ago, in 2008.  Plaintiff did not file his Complaint until February 22, 2019—more than three years after he turned 18 years of age, a year

11

after the expiration of the applicable statute of limitations. Plaintiff does not allege any acts of alleged breach within the past three years. As such Plaintiff's pleading should be dismissed.

Even if the statute of limitations did not bar this claim, a viable claim for breach of fiduciary duty has not been pled here. A breach of fiduciary duty claim has four elements: 1) existence of a fiduciary duty arising from a relationship between the parties, 2) breach of that duty, 3) damages and 4) a causal relationship between the breach and the damages. *See Hanover Ins. Co. v. Sutton*, 46 Mass. App. Ct. 153, 46 Mass. App. Ct. 153 (1999);   Here, if there was any fiduciary duty owed by Mr. Joo, it was owned to Plaintiff's father, and not to Plaintiff.

Even if Plaintiff had pled timely, assignable breach-of-fiduciary claims, the events giving rise to such allegations are not claimed to have occurred in Massachusetts. As such, they could not be the basis for jurisdiction in this Court and asserting them here would be futile.

Finally, to the extent the Proposed Amended Complaint contends that events involving Boston Tutelage occurring within the past three years constituted a breach of fiduciary duty, the claim equally fails because there is no allegation that Mr. Joo was employed by, or in any way affiliated with, Boston Tutelage.  Moreover, Plaintiff has not explained what legal authority, if any, exists for the assignment of his father's rights to Plaintiff and Plaintiff does not have standing as to this claim.

c.      **Counts V and VI: Fraud and Conversion**

A three-year statute of limitations applies to claims for conversion and common-law fraud. *See e.g., Ansin v. River Oaks Furniture, Inc.*, 105 F.3d 745, 752-53 (1st Cir. 1997) (noting three-year statute of limitations for conversion claim); *First Choice Armor & Equip., Inc. v. Toyobo America, Inc.*, 839 F. Supp. 2d 407, 413 (D. Mass. 2012) (noting three-year statute of limitations for fraud claim).  According to the Complaint, Plaintiff was 11 years old 11 years

ago, in 2008.  Thus, he reached 18 years of age seven years later, in 2015. At that time the statute

of limitations on his purported contract claim began to run, and it expired in 2018. No acts of

conversion or fraud are alleged within the past three years.  As such, the counts for conversion

and fraud are barred as untimely.

To the extent the Proposed Amended Complaint contends that events involving Boston

Tutelage occurring within the past three years constituted a fraud or conversion, the alleged

principal was Plaintiff's father and not Plaintiff himself.   Such claims cannot be assigned.  *See,

e.g., Bethlehem Fabricators, supra*, 286 Mass. at 566–567; *United Zinc Cos.*, *supra,* 216 Mass. at

479. Therefore, Plaintiff would have no standing to bring such claims even if they were not time-

barred.

Finally, even if Plaintiff had timely, assignable fraud or conversion claims, the events

giving rise to such allegations are not claimed to have occurred in Massachusetts. As such, they

could not be the basis for jurisdiction in this Court and asserting them here would be futile.

### d.      Counts IX and X: Defamation and Derogation

Plaintiff attributes four alleged defamatory or disparaging statements in the Proposed

Amended Complaint to Mr. Joo.  But one of these statements, in paragraph 61 of the Proposed

Amended Complaint (*see* ECF Docket, Document #27-1, ¶61), is not alleged to be false, and two

of the statements, in paragraphs 51 and 62 (*see* ECF Docket, Document #27-1, ¶¶ 51 and 62), are

not alleged to be about Plaintiff, but rather about his father.  True statements are not actionable,

*Taylor v. Swartwout,* 445 F. Supp. 2d 98, 102 (D. Mass. 2006), nor are mere statements of

opinion, *Felt v. Conway,* 16 F.Supp.3d 1 (D. Mass. 2014), and Plaintiff's father cannot assign his

right to sue in defamation to his son, *see, e.g., Rice v. Stone*, 1 Allen 556, 570, 83 Mass. 566, 570

(1861), meaning that Plaintiff has no standing to assert such claims on his behalf.

13

Thus, only one statement remains that is alleged to be false and made about Plaintiff.  It is described in paragraph 70 of the Amended Complaint (*see* ECF Docket, Document #27-1, ¶70), namely that Plaintiff was not complying with the terms of his visa by working at his assigned location.  But the Amended Complaint does not allege that Plaintiff actually was reporting to work, merely that he did not have to as a matter of law, such that Mr. Joo's legal conclusion was incorrect.  To the extent Mr. Joo made this statement—which Mr. Joo does not concede--it was an opinion based on correctly reported facts--something that is not actionable.  Therefore, the Amended Complaint does not allege a viable claim and is futile. Finally, even if Plaintiff had properly pled his defamation claims, the events giving rise to such allegations are not claimed to have occurred in Massachusetts. As such, they could not be the basis for jurisdiction in this Court and asserting them here would be futile.

### e.   Count XII:  Infliction of Emotional Distress

The allegations set forth in the Amended Complaint do not rise to the level required by the inchoate tort of "intentional infliction of emotional distress" ("IIED") and because the claims are barred by the applicable three-year statute of limitations.

The Complaint alleges that Defendant would do things like call Plaintiff "retarded" and "useless" and ban him from using certain rooms of the home and act insensitively when Plaintiff was sick. Such incidents simply do not rise to the level required by an IIED claim. To establish such a claim, the plaintiff must prove:

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency' and 'was utterly intolerable in a civilized community;' (3) that the actions of the defendant were the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was 'severe' and of a nature 'that no reasonable man could be expected to endure it.'

14

*Agis v. Howard Johnson Co.,* 371 Mass. 140, 144–45, 355 N.E.2d 315, 318–19 (1976) (internal citation omitted). *See also Doyle v. Hasbro, Inc.,* 103 F.3d 186, 195 (1 Cir., 1996); *Tetrault v. Mahoney, Hawkes & Goldings,* 425 Mass. 456, 466, 681 N.E.2d 1189, 1197 (1997); *Payton v. Abbott Labs,* 386 Mass. 540, 555, 437 N.E.2d 171 (1982). Importantly, the defendants conduct must be more than "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities' nor even is it enough 'that the defendant has acted with an intent which is tortuous or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.'" *Tetrault*, 425 Mass. at 466, 681 N.E.2d at 1197 (quoting *Foley v. Polaroid Corp.,* 400 Mass. 82, 99, 508 N.E.2d 72 (1987)). Nothing but "mere insults and petty oppressions" are alleged in the pleading.

Moreover, even if its allegations were serious, the IIED claim is barred by the applicable three-year statute of limitations. The statute of limitations for IIED is three years. According to the complaint, Plaintiff was 11 years old 11 years ago, in 2008. Thus, he reached 18 years of age seven years after that, in 2015. At that time the statute of limitations on his purported IIED claim began to run, and it expired in 2018, three years ago, as to all events occurring before 2015. Only events occurring since February 2016 could be asserted in an IIED claim at present, and no specific allegations of any conduct allegedly constituting IIED appear in the pleading, and as such the pleading is defective.[6]   To the extent that Plaintiff is purporting to allege causes of

---

[6] "We have said that where the claim arises from the intentional infliction of emotional distress, the injury occurs on the date a plaintiff first experiences anxiety or distress which is the intended result of the defendant's conduct." *Pagliuca v. Boston*, 35 Mass. App. Ct. 820, 824 (1994). "We have narrowed this rule to provide that, '[w]hen an injury . . . becomes manifest, the statute of limitations does not stay in suspense until the full extent, gravity, or permanence of that same injury or consequential disease is known.'" Id. at 824-825, quoting from *Gore v. Daniel O'Connell's Sons, Inc*., 17 Mass. App. Ct. 645, 649 (1984).

action on behalf of his father, the statute of limitations expired much earlier, long before the complaint was filed.

### 6.  Plaintiff's Motion to Amend is Futile As It Does Not Remedy This Court's Lack Of Personal Jurisdiction Over Mr. Joo

Plaintiff's Motion to Amend does not dispute that Mr. Joo has no business presence in Massachusetts, has never directed business activity purposefully towards the state, has almost never even been present in the state and when present was there only for a limited purpose having no connection to this lawsuit.  *See, e.g. Barous v. Emanuel*, 2018 WL 6067509 (D. Mass. 2018) ("the court does not gain personal jurisdiction over an individual defendant simply . . . because the defendant made a single trip to Massachusetts"), citing *Walden v. Fiore*, 571 U.S. 277, 285-86 (2014).[7]  *See also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.,* 960 F.2d 1080, 1088–89 (1st Cir. 1992)

As such, the Amended Complaint is futile because it is subject to dismissal for lack of jurisdiction and venue.

---

[7] Courts can have so-called "specific jurisdiction" over a defendant as to a specific cause of action if that cause of action is sufficiently connected to the limited forum contact.  *Harlow v. Children's Hosp.*, 432 F.3d 50, 60-61 (1st Cir. 2005).  But Plaintiff has advanced no argument in favor of specific jurisdiction, and to do so requires that "the evidence produced to support specific jurisdiction must show that the cause of action either arises directly out of, or is related to, the defendant's forum-based contacts."  In *Harlow*, the court explained that this "requires a showing of a material connection," and that "the defendant's [forum]-state conduct must form an 'important, or [at least] material, element of proof' in the plaintiff's case."  Such is simply not even arguably the case here, and even if it were only a tiny fraction of the causes of action set forth in the pleading could be connected with the forum contacts, such that all the others would have to be dismissed.  *See, e.g., Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 136 (1st Cir. 2006) ("[t]his court 'steadfastly reject[s] the exercise of personal jurisdiction whenever the connection between the cause of action and the defendant's forum-state contacts seems attenuated and indirect").  For instance, only four of the 55 alleged wire payments claimed in Plaintiff's Exhibit G in support of his Motion to Amend, only the four most recent ones, were supposedly made to Boston Tutelage. Payments made before that are not even allegedly connected with Massachusetts in any manner.

### a. Defendant's Alleged Trip to Massachusetts in June 2016 is No Basis for Jurisdiction

Plaintiff is contending that one isolated trip into Massachusetts by Defendant for the purpose of furnishing Plaintiff's apartment (*see* Plaintiff Affidavit in Support of Motion to Amend at page 1, third bullet point, describing the purpose of the visit) provides sufficient legal basis for asserting all the claims set forth in the proposed amended pleading, none of which have anything to do with home furnishings. Plaintiff's papers do not dispute that Defendant has no business presence in Massachusetts, has never directed business activity purposefully towards the state, has almost never even been present in the state and when present was there only for a limited purpose having no connection to this lawsuit. *See, e.g. Barous v. Emanuel*, 2018 WL 6067509 (D. Mass. 2018) ("the court does not gain personal jurisdiction over an individual defendant simply . . . because the defendant made a single trip to Massachusetts"), citing *Walden v. Fiore*, 571 U.S. 277, 285-86 (2014). *See also Helicopteros Nacionales de Colombia, S.A. supra*, at 416; *United Elec., Radio & Mach. Workers of Am., supra* at 1088–89. Plaintiff also attempts to allege that Mr. Joo somehow received payments for tutors that Plaintiff made to Boston Tutelage, a company in which Plaintiff does not allege Defendant has ever had any actual legal interest. There is no hint in Plaintiff's Affidavit or proposed amended pleading as to any evidence whatsoever establishing that Defendant received these funds.[8] Plaintiff does not even ask this court for leave to add Boston Tutelage or its actual principal, who Plaintiff identifies in his Affidavit, as parties to this action, even though he alleges they defrauded him.[9]

---

[8] Similarly, Plaintiff also seems to imply that, in addition to receiving funds, Defendant somehow directed a company in which he had no actual legal interest to send a tutor to Massachusetts. These allegations are not even specific, and come again with no hint at all as to any actual evidence indicating that Defendant did so.

[9] Plaintiff's self-serving, conclusory allegations also contradict themselves. For instance, in his Affidavit Plaintiff states that a tutor was sent to him by Boston Tutelage (*see* Affidavit of Plaintiff at seventh

Such self-serving, conclusory allegations cannot form the basis for defeating a motion for judgment on the pleadings based on lack of jurisdiction, and as such the filing of an amended pleading containing such allegations would be futile.  *See, e.g,, De Cavalcante v. C.I.R.,* 620 F.2d 23, 26–27 (3d Cir.1980) (when charged with making evidentiary determinations, court may find that self-serving affidavits absent evidentiary support are insufficiently probative). *See also Gould Electronics Inc.. supra,* 220 F.3d at 176; *Washington. supra,* 652 F.3d at 346–47. There is simply no credible allegation that Mr. Joo purposefully availed himself of the privilege of conducting business in Massachusetts. He made a single visit to the State for personal reasons and it is not alleged he was compensated in any manner for his trip.

### b.   Defendant's Alleged Acts Regarding Plaintiff's Immigration Information are no Basis for Jurisdiction.

Plaintiff's allegation that Mr. Joo allegedly disclosed information from Plaintiff's immigration application is futile and cannot be a basis upon which to amend the Complaint. Notably, Plaintiff has not alleged that any alleged disclosure of the information occurred in Massachusetts, but rather the Proposed Amended Complaint alleges that the disclosure happened in New Jersey. Plaintiff offers no legal authority that merely obtaining the immigration information in Massachusetts would be separately actionable and no credible allegations that this even occurred.

### c.   Defendant's Alleged Defamatory Acts are no Basis for Jurisdiction

Plaintiff has no allegations in the Proposed Amended Complaint which could establish a jurisdictional basis for a cause of action in defamation.  In *Calder v. Jones*, 465 U.S. 783, 789-90 (1984), for instance, the court stated that a publication in California (among other places) would give rise to jurisdiction in California because of four factors: (1) it concerned California activities

unnumbered paragraph) and then later states the company had no tutors (*see* Affidavit of Plaintiff at eighth unnumbered paragraph).

and (2) it impugned a California resident whose career was centered in California and (3) it was drawn from California sources and (4) the brunt of the injury to reputation was suffered in California.  Plaintiff does not allege that his career is centered in Massachusetts or that damage to his reputation was unusually great in Massachusetts or that the activities he was accused of happened in Massachusetts (to the contrary, they involve his work activity in New Jersey, which was the basis of Defendant's knowledge of him) and the source of the article was allegedly Defendant, in New Jersey.   No credible allegations of any kind are made in the Proposed Amended Pleading that might support jurisdiction under even one of these criteria, much less all of them. Plaintiff simply does not come close to qualifying for jurisdiction under the *Calder* standard.  *See, e.g., Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201 (1st Cir. 1994) (holding that a conversation with a reporter by the defendant that led to an allegedly defamatory article being published and distributed in the plaintiff's state did not give the forum state cause to exercise specific jurisdiction over the defendant).

### C.   EVEN IF THE MOTION TO AMEND WERE NOT FUTILE BECAUSE OF PERSONAL JURISDICTION, IT WOULD STILL BE FUTILE BECAUSE OF IMPROPER VENUE

Even if the Amended Complaint had adequately corrected the deficiencies in the original Complaint as to personal jurisdiction--which it did not do--it would still be futile because the Amended Complaint would be subject to dismissal on grounds of improper venue. Plaintiff does not even attempt to argue that venue.  Citing no decisional authority whatsoever, and ignoring the authorities cited in Mr. Joo's Motion for Judgment on the Pleadings, Plaintiff simply asserts

in the Amended Complaint that venue is proper under 28 U.S.C. §1391(b)(3).  Venue, however, is not proper in this Court and the Amended Complaint is futile.[10]

## IV.     CONCLUSION

For all of the foregoing reasons, Defendant, Mr. Joo, respectfully requests this Court deny Plaintiff's Motion to Amend.

Dated: July 2, 2019                          Respectfully submitted,

                                             Defendant, Hyunwook Joo

                                             By his attorneys,

                                             _____/s/*Andrew C. Miller*_____
                                             Andrew Miller, Esq. (AM-4002)
                                             KIM & BAE, LLP
                                             *Admitted Pro Hac Vice*
                                             2160 North Central Road, Suite 303
                                             Fort Lee, NJ   07024
                                             E-mail amiller@kimbae.com
                                             Attorneys for Defendant

                                             Christopher A. Kenney, BBO# 556511
                                             cakenney@KSlegal.com
                                             Michelle M. De Oliveira, BBO# 685455
                                             mmdeoliveira@KSlegal.com
                                             KENNEY & SAMS, P.C.
                                             Reservoir Corporate Center
                                             144 Turnpike Road
                                             Southborough, MA 01772
                                             Tel: (508) 490-8500
                                             Fax: (508) 490-8501

                                             *Local Counsel for Defendant, Hyunwook Joo*

---

[10] Even if the Motion to Amend were not futile on grounds of jurisdiction or venue, which it is, it is futile because the doctrine of *forum non conveniens* dictates that this matter be transferred to the District of New Jersey for the reasons set forth in Defendant's Motion for Judgement on the Pleadings.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of July 2019, I caused to be electronically filed the foregoing document with the clerk of the court by using the CM/ECF system, which was the notice of electronic filing to all CM/ECF participants, including:

Joseph Perl, Esq.
Law Office of Joseph Perl
203 Arlington Street, Suite 2
Watertown, MA 02472
*Attorney for Plaintiff*
*Hyewoong Yoon*

_____*/s/ Christopher A. Kenney*_____
Christopher A. Kenney
Attorney for Defendant,
Hyunwook Joo a/k/a Hyun Wook Joo a/k/a
Hyun W. Joo a/k/a Hyun-Wook Joo a/k/a Harry
Joo a/k/a Harry H. Joo a/k/a Harry Hyun Joo
a/k/a Harry Hyunwook Joo a/k/a Harry Hyun-
Wook Joo

Dated: July 2, 2019